## DOOLITTLE et al. v. KEUKA COLLEGE.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1909.)

1. COLLEGES AND UNIVERSITIES (§ 7\*) — AGENTS—AUTHORITY—EVIDENCE—SUF-FICIENCY.

    Evidence *held* to sustain a finding that the president of the board of trustees, who was also business manager, of a college, was authorized to contract to buy goods and machinery.

    [Ed. Note.—For other cases, see Colleges and Universities, Cent. Dig. § 18; Dec. Dig. § 7.\*]

2. COLLEGES AND UNIVERSITIES (§ 7\*)—CONTRACTS—ESTOPPEL.

    A college, having received and retained valuable rights and property under an agreement made by the president of its board of trustees, who

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was its business manager, cannot refuse to pay the price agreed upon, on the theory that the manager was not authorized to make the agreement.

[Ed. Note.—For other cases, see Colleges and Universities, Cent. Dig. § 18; Dec. Dig. § 7.*]

Appeal from Trial Term, Yates County.

Action by Frank Doolittle and another against Keuka College. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

M. A. Leary, for appellant.
Huson & Lincoln, for respondents.

WILLIAMS, J. The judgment and order should be affirmed, with costs. The action was brought to recover an amount alleged to be due the plaintiff upon a written contract for the sale of a quantity of grape baskets, basket materials, and tools, implements, and machinery used in the manufacture of grape baskets.

There is not much controversy as to the amount of the verdict, if the plaintiffs were entitled to recover at all. We should not reverse because of an excessive verdict. It is not, so far as the amount thereof is concerned, contrary to the evidence, or without evidence to support it. The main contention by the defendant is that it was not legally liable upon the contract for any amount. The contract was made July 30, 1906, in the name of the defendant, and signed in its name, by George H. Ball, president, but described in the contract as its business manager. He was in fact president emeritus, was not serving as president of the college proper, but had been retired as such, and was president of the board of trustees and manager of the business of the defendant. It is claimed he had no authority to bind the college in making this contract.

The defendant was an educational institution chartered by the regents of the University of the State of New York, provisionally in 1892, and later absolutely. It was a part of the plan of the institution to furnish employment to the students, by which they should be able to earn the whole or a considerable portion of their expenses, and at the same time "acquire habits of industry, learn self-reliance, and cultivate a relish for useful work." With this purpose in view, the defendant in the year of 1894 erected upon its grounds near the college, a large building, and leased the same to the plaintiffs herein and one Arthur M. Taylor. The lease was executed in the name of the college by Ball, president, and Crary, secretary, and was concededly authorized by the defendant. It was recognized by a resolution adopted by the executive committee. The building was upon lands owned by the college, and the lease contained important provisions for the benefit of the college, besides the mere rental provided for therein. It provided for the supplying of the necessary machinery, and the manufacture of grape baskets, and the doing of a general cooperage business by the lessees in the building, and that they should give preference to the col-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lege students for employment in such business, at a certain agreed price, and that they should not agree with other manufacturers to increase prices, or monopolize trade, but should sell their products to consumers at as low a rate as possible, leaving reasonable profits for manufacture. It provided for rent to be paid from year to year, and that the lessees should have the right from year to year, for a period of not exceeding more than 20 years, to renew the lease upon the same terms and conditions.

The lessees carried on the business under this lease and agreement for two or three months together. Then Taylor went out, and the plaintiffs continued the business until June, 1906, about one year and a half, when trouble arose, and the plaintiffs were ejected from the premises by persons acting under the direction of Ball, the president of the board of trustees and business manager of the college. Thereupon a proceeding was commenced by the plaintiffs before the Yates county judge to remove said Ball from the premises and to restore the same to the plaintiffs. An answer was interposed by Ball, alleging that in utter disregard of the agreement of November, 1904, the plaintiffs failed to give preference or employment to the college students, and also entered into a combination with other manufacturers to raise the price of baskets, and entirely failed to carry out the object of said agreement, failed to perform any of the conditions thereof, abandoned the business, and failed to carry on the same; that the college took possession of the building under the direction of Arthur M. Taylor, he having surrendered to the said college all his rights under the agreement; and that whatever was done by said Ball was done on behalf of the college, with the permission and authority of said Taylor. Mr. Leary, the college attorney in this action, was the attorney for Mr. Ball in that proceeding.

While that proceeding was pending, and in July, 1906, the agreement upon which this action is based was made between the college and the plaintiffs, providing for the discontinuance of that proceeding, each party to pay his own costs, and that the plaintiffs should sell to the college all grape baskets manufactured, and all grape basket materials owned by them and on hand, and all tools, implements, and machinery theretofore used by them in the manufacture of baskets on the college grounds and in Penn Yan; that the property so sold should be appraised, to fix the price to be paid; that the purchase price should be paid, one-half October 1, 1906, and the balance November 1, 1906; and that the lease and agreement of November, 1904, should be canceled, and the premises surrendered to the college. The details of the appraisal were provided for in the agreement. The property was duly appraised within a few days after this agreement was made, and the total amount was upwards of $3,500. Soon thereafter $3,000 of the amount was paid to the plaintiffs. Then a basket company was organized, and carried on the business in the college premises. The college had some stock in the company, and Taylor and Ball had some stock also. The agreement of July, 1906, was the result of a settlement between plaintiffs and the college, represented by Mr. Ball, president of the board of trustees and the business manager of the college.

The agreement itself states that Mr. Ball, who personally executed it for the college, was its business manager.

This action is brought to recover the balance of the purchase price of the property, referred to in the agreement as appraised, over and above the $3,000 paid thereon. These are substantially the facts upon which the jury based its finding that the defendant, the college, was liable to the plaintiffs under the agreement. We think the jury was justified in making this finding.

Although there was no resolution adopted by the board of trustees authorizing the making of the contracts, till the settlement was made and the agreement executed by a person who was in fact president of the board and its business manager. There were sufficient grounds for finding he had authority in the premises. He certainly had authority to make the lease and agreement of 1904. It was in the line of the college plan of industrial development. Under the lease the plaintiffs acquired valuable rights, which they surrendered to the college under the settlement and agreement of 1906. The plaintiffs also parted with their property in baskets, materials, and machinery, and the college, by its business manager, received from the plaintiffs their rights under the lease and agreement of 1904, and the property sold under the 1906 agreement. The college could not accept and receive these valuable rights and property, and keep them, and still refuse to be bound on its part by the provisions of the agreement. It could not receive and retain the property sold, and refuse to pay for it, upon the claim that its business manager was wanting in authority to make the contract in its name. This is substantially the theory upon which the case was submitted to the jury, and we think properly so, and the finding of the jury was in accord with justice as well as the law.

We have examined the exceptions, but think there are none calling for a reversal of the judgment and order. All concur.